Thomas Leo SHELTON, Petitioner,

v.

The STATE of Oklahoma, Respondent.

No. A–13822.

Court of Criminal Appeals of Oklahoma.

May 25, 1966.

Thomas Lee Shelton, pro se.

Lester R. Maris, Ponca City, for respondent.

BUSSEY, Presiding Judge.

Thomas Leo Shelton was charged, tried and convicted in the District Court of Noble County for the crime of First Degree Manslaughter and was sentenced to a term of 99 years, on the 4th day of May, 1962, at which time he gave notice of his intention to appeal to the Court of Criminal Appeals. The trial court entered an order extending the time within which to make, serve and settle the casemade on April 27, 1962. No appeal was ever perfected within the time provided by law.

On the 9th day of October, 1965, Petitioner filed an application for post-conviction review under the provisions of 22 O.S.A. § 1073, which provides in part:

"(a) The Court of Criminal Appeals may entertain an appeal, after the original time in which an appeal should have been perfected has expired, when the Court determines that any person confined in any penitentiary or penal institution within the State of Oklahoma has been denied any right guaranteed to him by the Constitution of the United States or the Constitution of the State of Oklahoma relating to the right to appeal."

Petitioner alleged that his constitutional rights had been violated in that he was not provided a casemade at public expense, counsel to represent him in perfecting an appeal to this Court within the time within which an appeal could have originally been perfected. On the 18th day of November, 1965, this Court directed that an evidentiary hearing be conducted to determine whether Thomas Leo Shelton had been denied any constitutional right relating to his appeal. Said hearing was conducted under the provisions of Rule 25 of this Court and the findings of fact and conclusions of law have been returned.

After having examined all records relating to the issue so raised, the Honorable Lester R. Maris determined that the petitioner had not been denied any of his constitutional rights relating to an appeal. The records of the trial court disclose that the petitioner did not request the appointment of counsel nor a casemade at public expense at any time within which an appeal could have been perfected to this Court. The records of this Court reflect that petitioner did not seek a casemade at public expense until after the time within which an appeal could have been perfected had expired. See Shelton v. State, Okl.Cr., 375 P.2d 167.

It was not the intention of the legislature in enacting 22 O.S.A. § 1073 to allow inmates of the state penitentiary to challenge their conviction long after the time within which an appeal could have been lodged, when said inmate did not diligently attempt to perfect an appeal in the manner prescribed by law. The purpose and intent of 22 O.S.A. § 1073 is to protect the right of an indigent person to an appellate review of his conviction when he has been deprived of said right after having made a timely request for the same.

The relief prayed for is accordingly denied.

NIX and BRETT, JJ., concur.